**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| A to Z, Inc., et al., | : | Case No. 1:05CV2137 |
| Plaintiffs | : | |
| | : | Magistrate Judge David S. Perelman |
| v. | : | |
| | : | |
| City of Cleveland, et al., | : | |
| | : | **MEMORANDUM OPINION** |
| Defendants | : | |

This action, initiated by plaintiffs A to Z, Inc. and Xtreme DVD, Inc., d/b/a Video Superstore (hereinafter collectively referred to as "plaintiffs"), lessees of property located at 4200 Brookpark Road in Cleveland, Ohio, near the border of Parma, is before this Court upon the parties' cross-motions for summary judgment.

In February of 2002 plaintiffs applied for a change of use permit for this property from an industrial to adult entertainment use. In a Notice of Non-Conformance dated March 8, 2002 City of Cleveland Zoning Administrator Richard Riccardi denied the application, citing Cleveland Codified Ordinance Sections 347.07(c)(1) and (2) which prohibit any adult entertainment use within 1,000 feet of a residential district and two adult uses on the same premises.

On April 29, 2002 Cleveland passed Ordinance No. 483-02 as an emergency measure, the effect of which was to authorize Cleveland to enter into a common boundary agreement with the City of Parma, enabling the municipalities to apply zoning regulations to uses and districts across

1

their common boundary.  Parma passed a similar ordinance, Ordinance No. 187-02, on May 6, 2002 authorizing it to enter into the common boundary agreement with Cleveland.

As a result of having passed those ordinances, on July 19, 2002 Cleveland and Parma officially entered into a Common Boundary Agreement, which provided in pertinent part:

> **RECITALS**:
>
> 1. The City of Cleveland and the City of Parma share a common border along Brook Park Road.
>
> 2. Under the ordinances of the City of Cleveland, the area bordering the City of Parma is zoned primarily for industrial uses.  Under the ordinances of the City of Parma, the area bordering the City of Cleveland is zoned primarily for commercial and residential uses.
>
> 3. In certain instances, the Zoning Codes of both municipalities require a separation of use districts, lots or uses by a specified distance.
>
> 4. It is desirable for the municipalities to consider uses across their common border because of the inconsistencies of zoned uses across that border.
>
> In consideration of the foregoing and the mutual agreement of the parties contained in this Agreement, the parties agree as follows:
>
> **SECTION 1.  Separation of Lots or Uses**.
>
> In all instances where the City of Cleveland's Zoning Code requires a separation of lots or uses, the City of Cleveland shall consider the lots and uses across its common border with the City of Parma when calculating that required separation.  In all instances where the City of Parma's Zoning Code requires a separation of lots or uses, the City of Parma shall consider the lots and uses across its common border with the City of Cleveland when calculating that required separation.
>
> **SECTION 2.  Separation of Use Districts.**

> In all instances in which the City of Cleveland's Zoning Code requires a separation of uses or districts from specified use districts, the City of Cleveland shall consider use districts in the City of Parma as follows.  When Cleveland's Zoning Code requires separation from a Residence District, the Parma districts specified in Parma Codified Ordinance 1121.42 will be considered as Residence Districts.  When Cleveland's Zoning Code requires separation from an Industrial District, the Parma Industrial, Industrial "B", Research Manufacturing and Industrial Park Districts will be considered as Industrial Districts.

In June of 2003, after having eliminated a second proposed adult use for the subject property and having split the parcel of land so that the remaining proposed adult use would not be within 1,000 feet of a Cleveland residential district, plaintiffs again applied to the City of Cleveland for a change of use permit.  That application was denied in a Notice of Non-Conformance issued by Cleveland on June 20, 2003, the stated reason being that:

> No adult entertainment use shall be established on a lot within 1,000 feet of a residential district; Proposed use is on a lot within 226 feet of a residence district to the South ("The calculation and application of distance requirements of separation of uses shall consider uses and districts across the City's boundary if the City and bordering jurisdiction have entered into an agreement whereby each will consider uses and districts across the common boundary." Cleveland Zoning Code Section 331.04.).

Cleveland Zoning Code Section 347.07(c)(1).

Mr. Paul Duffy[1] appealed to the Cleveland Zoning Board of Appeals the decision of the Cleveland Commissioner of Building and Housing.  After a hearing that appeal was denied on September 29, 2003, for the following reasons:

> 1. The evidence establishes that the property remains in the original zoning for a Semi-Industry District and in 1959 a one-

---

[1] Mr. Duffy is named in the instant litigation as the agent of A to Z, Inc., the lessee of the property for which a change of use was sought.

>   story masonry building was erected; that the Code states that no adult video store may be located within 1,000' of a residence district; that the proposed use would be within 226' of a residential neighborhood; that there is no practical difficulty nor unnecessary hardship inherent with the property; that neighboring businesses, property owners and elected officials from the cities of Cleveland and Parma are opposed to the appellants' requested change of use.
>
> 2. Local conditions and the evidence presented justify the Board in not making the exception requested.
>
> 3. Granting the appeal would be contrary to the intent and purpose of the zoning ordinances.
>
> 4. In being refused this appeal the owner will not suffer an unreasonable hardship since they are not denied any use of property not also denied other owners in that district similarly situated[.]

On October 21, 2003, Cappas & Karas Investment, Inc., and Mr. Paul Duffy, individually and on behalf of Xtreme DVD, Inc. d/b/a Brookpark Video, and Xtreme DVD, Inc. d/b/a Brookpark Video, appealed the foregoing decision to the Cuyahoga County Common Pleas Court, arguing:

> 1. The action taken is unreasonable, arbitrary and an abuse of discretion;
>
> 2. The action taken is content based and does not serve compelling governmental purposes and therefore is in violation of the First and Fourteenth Amendments to the U.S. Constitution and Articles I and II of the Constitution of the State of Ohio;
>
> 3. The zoning ordinances as applied to deny the change of use are content based ordinances which do not serve compelling governmental purposes and therefore are in violation of the First and Fourteenth Amendments of the U.S. Constitution and Articles I and II of the Constitution of the State of Ohio;
>
> 4. The action taken and the zoning ordinances as applied to deny the change of use are contrary to and in violation of Chapters

4

>713, *et seq.* and 715, *et seq.*, of the Ohio Revised Code;
>
>5. The zoning ordinances on their face and as applied to Appellants' business are unconstitutional in that said ordinances do not serve a substantial governmental purpose and are not narrowly tailored as required by the First and Fourteenth Amendments to the U.S. Constitution;
>
>6. The zoning ordinances as applied to deny the change of use deprive Appellants of their rights to "equal protection" as guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution and Articles I and II of the Constitution of the State of Ohio; and
>
>7. The zoning ordinances as applied to deny the change of use deprive Appellants the full use of their property as guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution and Articles I and II of the Constitution of the State of Ohio.

On August 2, 2004 the court affirmed the decision of the Zoning Board of Appeals, holding in pertinent part:

>After review of the record in this case as well as the weighing of all evidence, the court finds that the administrative order of the board of zoning appeals which denied appellants Cappas & Karas Investment, Inc. a change of existing use from a general video store to an adult video store is affirmed. Neither ordinance No. 187-02 nor the resultant agreement between Parma and the City of Cleveland were found to be unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. Ohio Revised Code Chapter 2506.04. See also, *Henley v. Youngstown Bd. of Zoning Appeals* (2000), 90 Ohio St.3d 142, 2000 Ohio 493, 735 N.E.2d 433.

On August 18, 2004, Cappas & Karas Investment, Inc., Mr. Paul Duffy and Xtreme DVD, Inc. appealed that decision to the Ohio Eighth District Court of Appeals, arguing that: (1) the City of Cleveland's zoning restrictions on adult uses are facially unconstitutional because they are not supported by documented empirical evidence; (2) the Zoning Board of Appeals decision was based

upon a contract between Cleveland and the City of Parma which the cities did not have the power to enter into; (3) they were denied procedural due process at the hearing before the Zoning Board of Appeals; and (4) the decision of the Zoning Board of Appeals was arbitrary, capricious and not supported by sufficient evidence.  The City of Parma appeared as amicus curiae in support of the Zoning Board of Appeals decision.

In its decision dated June 2, 2005 the appellate court found that the appellants could not raise a facial challenge to the constitutionality of Cleveland Codified Ordinance §347.07, in light of the fact that "a facial constitutional challenge to a zoning ordinance is improper in the context of an administrative appeal." (Citations omitted.)   The court instructed that a challenge to the constitutionality of the zoning ordinance as applied to the property at issue could only be entertained as a declaratory judgment action, which had not been filed in the state court proceedings.

The court addressed the appellants' arguments that the contract between Parma and Cleveland was unconstitutional or illegal by finding in part:

> Appellants claim there is no statutory or constitutional authorization for a municipality to enter into an agreement with another municipality "to in effect enforce one city's zoning ordinances outside its physical limits."
>
> We disagree with appellants' characterization of the effect of the agreement between Cleveland and Parma.  If the agreement's effect were as appellants argue, we would expect appellant to be complaining that Parma's zoning ordinances were being enforced against them.  That is not the case.  Rather, the agreement allows Cleveland, in enforcing its own ordinances restricting certain uses of land within its jurisdiction in relation to other nearby land uses, to consider equivalent zoning regulations adopted by Parma on adjoining land. We simply cannot characterize this as an agreement to enforce one city's zoning ordinances outside its physical limits.

> The Cleveland City Charter created a Planning Commission, the "function and duty" of which is "to make and adopt a general plan for the development and improvement of the City, and for any area outside the City which in the judgment of the Commission bears relation to the planning of the City." Cleveland Charter §76-2. The planning commission is further authorized to "enter into agreement with other governmental or private agencies necessary or desirable for carrying forward any of its purposes subject to the approval of council." Cleveland Codified Ordinance 331.04 gives the planning director explicit authority to enter into an agreement with a bordering jurisdiction "whereby each will consider uses and districts across the common boundary." Therefore, we reject appellants' argument that the contract between Parma and Cleveland was not authorized. The second assignment of error is overruled.

The court also rejected the appellants' argument that they had been denied procedural due process before the Zoning Board of Appeals, finding that the underlying basis for the claim, being that the board had failed to issue written findings, was false.

The court further ruled that the appellants had inaccurately relied on evidence which had not factored into the decision of the Zoning Board of Appeals and, therefore, failed to show that such decision was arbitrary, capricious and not supported by sufficient evidence.

While that appeal was pending, on November 24, 2004 the City of Cleveland filed with Cleveland Municipal Court, Housing Division, a complaint for preliminary and permanent injunction seeking to restrain Cappas & Karas Investment, Inc., Brookpark Video (c/o Xtreme DVD, Inc.), Xtreme DVD, Inc., and Mr. Paul Duffy from "operating an adult entertainment use at the Property," alleging in pertinent part:

> 27. Cappas' principal purpose is to offer for sale, or rental for any form of consideration, any one or more of the items identified in C.C.O. §347.07(b)(3)(A) and/or C.C.O. §347.07(b)(3)(B). This activity meets the definition of an adult-entertainment use as defined in C.C.O. §347.07.

7

28. C.C.O. §347.07(c)(1) prohibits an adult-entertainment use from being established within 1,000 feet of a residential district.

29. Cappas is located within 1,000 feet of a residential district in Parma.

30. On November 18, 2004, City of Cleveland Chief Building Inspector Kevin Franklin and Building Inspector Ed Del Re inspected the Property.

31. Inspectors Franklin and Del Re observed that the Property was open for business as an adult-video store.

32. Inspector Franklin observed that the principal purpose of the store was for an adult-entertainment use.

33. Defendants do not have a certificate of occupancy for an adult-entertainment use.

34. Defendants have violated C.C.O. §§327.02 and 347.07 by operating an adult-entertainment use in an area that the [sic] Cleveland has not authorized.

The parties entered into an agreed preliminary injunction entry on December 21, 2004, under which Brookpark Video was enjoined from operating an adult book or video store on the property in question, pending the outcome of the state appellate court decision, with the agreement that the parties would enter into a permanent injunction consistent with the appellate court decision.

Approximately three months after the state appellate court decision, plaintiffs filed with this federal district court a complaint for declaratory judgment, temporary restraining order, preliminary injunction, permanent injunction, and compensatory damages, alleging:

### COUNT I

\* \* \* \* \*

31) Cleveland Codified Ordinance §347.07 violates Plaintiffs' rights secured by the First, Fifth and Fourteenth Amendments and Art. 1, §§1, 2, and 11 of the Ohio Constitution for each of the

following reasons:

a. the law operates as a prior restraint on the dissemination and exhibition of constitutionally protected expression;

b. the law vests arbitrary and unfettered discretion in city officials in determining whether an establishment, as one of its "principal purposes," offers for sale or rental specified adult materials;

c. the law allows city officials to selectively enforce the provisions based upon impermissible considerations;

d. the law is unconstitutionally vague and overbroad;

e. the restrictions governing the location and operation of adult uses are irrational, arbitrary and capricious because they are not narrowly tailored to further a substantial governmental interest;

f. the law deprives Plaintiffs of the equal protection of the laws; and

g. the law imposes unlawful content-based restrictions on speech.

\* \* \* \* \*

## COUNT II

\* \* \* \* \*

34) Cleveland Ordinance Section 347.07 deprives and threatens to deprive Plaintiffs of their rights guaranteed by the First, Fifth and Fourteenth Amendments to the United States Constitution and Art. 1, §§1, 2, and 11 of the Ohio Constitution to engage in expressive activity and to be free from prior restraint; to be treated equally and to be free from irrational, arbitrary and capricious laws; to be afforded due process of law and to be free from retroactive laws, all of which has caused and threatens to cause in the future, irreparable harm to the Plaintiffs, for which there is no adequate remedy at law.

\* \* \* \* \*

## COUNT III

\* \* \* \* \*

37)  Plaintiffs reasonably relied upon the representations made in the March 8, 2002, Notice of Non-Conformance from the City of Cleveland and took all actions necessary to "change [their] plan/application to comply with the zoning code."  See Exhibit A.

38) By reason of such reliance and compliance, Plaintiffs' rights to operate the property as an adult entertainment use became vested on or before April 29, 2002.

39) The agreement entered into between the City of Cleveland and the City of Parma took away and impaired rights acquired by the Plaintiffs under laws existing at the time of its February 2002 change of use application and at the time Plaintiffs achieved compliance with existing City of Cleveland Zoning Ordinances.

40) Plaintiffs are therefore entitled to a change of use permit and to operate the property as they would have been permitted prior to execution of the agreement between the City of Cleveland and the City of Parma on July 19, 2002.

## COUNT IV

\* \* \* \* \*

42) The City of Cleveland and the City of Parma, through the use of emergency ordinances, entered into an agreement specifically timed to ensure that Plaintiffs would not be able to obtain a change of use permit even though Plaintiffs fully complied with the City of Cleveland's existing zoning requirements.

43) The agreement between the City of Cleveland and the City of Parma was not considered until such time that it appeared Plaintiffs had taken the necessary steps to comply with the applicable City of Cleveland zoning requirements.

44) The City of Cleveland and the City of Parma contracted to enter into an agreement, through the use of emergency ordinances authorizing such agreement, that was applied retroactively to preclude Plaintiffs from obtaining a rightfully due change of use permit.

45) The agreement between the City of Cleveland and the City of Parma resulted in Plaintiffs suffering irreparable harm, in that Plaintiffs were denied due process and equal protection of the laws.

## COUNT V

\* \* \* \* \*

47) A noncharter municipal corporation is subject to statutory requirements with respect to the procedure to be followed in the adoption of zoning ordinances, and it is mandatory that the provision of R.C. 713.12 be followed.

48) Defendant City of Parma, in enacting an emergency ordinance to contract with the City of Cleveland, failed to follow the notice and hearing requirements of R.C. 713.12.

49) As such, the emergency ordinance and the resulting agreement with the City of Cleveland are legally ineffective.

## COUNT VI

\* \* \* \* \*

51) Defendant City of Parma, as a statutory municipal corporation, must follow the statutory procedures provided in Ohio Revised Code Chapters 713, and 715 for enacting or amending zoning ordinances.

52) The Ohio Revised Code, while permitting some cooperative efforts between municipalities for economic developments purposes, does not authorize a municipal corporation to contract with another municipal corporation to in effect enforce the former's zoning ordinances outside its physical limits.

53) The City of Parma, as a statutory municipal corporation, does not have the authority to contract with the City of Cleveland as a means of enforcing the City of Parma's zoning ordinances outside its physical limits.

## COUNT VII

\* \* \* \* \*

55) Plaintiffs aver that as a direct and proximate result of the conduct of the City of Cleveland and the City of Parma, described herein, Plaintiffs have been damaged in the operation of their businesses in that they have suffered a loss of revenues, profit and

>good will and that Plaintiffs' rights under the state and federal constitutions have been violated and Plaintiffs have otherwise been damaged and harmed and will continue to suffer such damage and harm in the future.

In support of their motion for partial summary judgment on liability plaintiffs argue:

>A. The application of Cleveland Zoning requirements in Parma is contrary to the provisions of the Ohio Constitution as Cleveland is attempting to enforce its police powers outside its territorial limits.
>
>B. Cleveland Codified Ordinance Section 347.07 is an unconstitutional prior restraint on protected speech.
>
>C. Cleveland Codified Ordinance Section 347.07 is unconstitutional as applied.
>
>D. Cleveland Codified Ordinance Section 347.07 violates the Equal Protection Clause of the United States Constitution.
>
>E. The City of Cleveland is equitably estopped from denying plaintiffs' change of use application.

In opposing plaintiffs' motion for partial summary judgment on liability and arguing in support of its cross-motion for summary judgment, Cleveland argues:

>A  Res judicata bars A to Z and Xtreme DVD's claims regarding the contract between Cleveland and Parma because the Cuyahoga County Court of Appeals has already adjudicated the claims.
>
>B. Because C.C.O. §347.07 is not suppressing content it is not subject to strict scrutiny.
>
>C. C.C.O. §347.07 is not an unconstitutional prior restraint because "principal purpose" is not vague.
>
>D. A to Z and Xtreme DVD's equal-protection claims are not applicable.
>
>E. A to Z and Xtreme DVD's claims regarding equitable and promissory estoppel are barred by Ohio Revised Code Chapter 2744, and the statute of limitations.

12

In addition to these arguments, in its reply brief Cleveland argues that plaintiffs' claims are barred by collateral estoppel and the Rooker-Feldman doctrine.

The City of Parma opposes plaintiffs' summary judgment motion and argues in support of its cross motion for summary judgment that: (1) Parma could not be held liable for any damages to plaintiff based upon the application by Cleveland of Cleveland's zoning laws, merely by reason of its having entered into a reciprocal zoning agreement, and (2) plaintiffs' §1983 claims are barred by the applicable statute of limitations, being two years.

The disposition of a motion for summary judgment is governed by Rule 56(c) of the Federal Rules of Civil Procedure, which provides for the granting of such motion only where, "[T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." It is the court's function under such a motion to determine whether a genuine issue of material fact exists, as opposed to endeavoring to resolve any such factual issues. Tee-Pak, Inc. v. St. Regis Paper Co., 491 F.2d 1193 (6th Cir. 1974); 6 Moore's Federal Practice 56.15 [1.-0].

It is the initial burden of the moving party to demonstrate the absence of a genuine issue of material fact as to an essential element of the claims brought by the non-moving party. Curto v. Harper Woods, 954 F.2d 1237, 1241 (6th Cir. 1992); Wilson v. Zanesville, 954 F.2d 349, 350-351 (6th Cir. 1992); Street v. J.C. Bradford & Co., 886 F.2d 1472 (6th Cir. 1989).

In Street v. J.C. Bradford & Co., supra, the Sixth Circuit Court of Appeals reviewed three then recent decisions of the United States Supreme Court addressing summary judgment practice, Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Celotex Corp. v. Catrett, 477 U.S. 317

(1986); and <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986).[2] The court summarized those cases as standing for a number of new principles in summary judgment practice, including the fact that cases involving considerations of state of mind issues (such as discriminatory action) are not automatically inappropriate for summary judgment; that a federal directed verdict standard ("whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law") should be applied to summary judgment motions; that a non-moving party must provide "more than a mere scintilla of evidence" to avoid summary judgment; that the substantive law applicable to the cause of action will govern the materiality of the issues of fact; that the court has no duty to search the record to determine the existence of genuine issues of material fact; and perhaps most significant, that a trial court has more discretion than it would have in the past in weighing the evidence offered by the non-moving party, considered in light of the whole record, to determine whether that party's evidence does "more than simply show that there is some metaphysical doubt as to the material facts" or whether it demonstrates that the non-moving party's claims are "implausible." <u>Id</u>. at 1479-1480 (Footnotes and citations omitted.)

At the outset, this Court will consider the argument that plaintiffs' §1983 claims are barred by the applicable statute of limitations

In light of the fact that there is no uniform federal statute of limitations applicable to §1983 claims, federal courts apply the most closely analogous state statute of limitations, which in Ohio is the two-year statute of limitations found in Ohio Revised Code §2305.10. <u>Browning v.</u>

---

[2]The court's reference to those rulings as representing a "new era" of "dramatic change" may no longer hold true years later, but the characterization of their import as to motions for summary judgment being viewed with "more favorable regard" certainly remains true.

Pendleton, 869 F.2d 989, 991 (6th Cir. 1989).  See also, Banks v. City of Whitehall, 344 F.3d 550, 554 (6th Cir. 2004);   Friedman v. Estate of Presser, 929 F.2d 1151, 1158 (6th Cir. 1991).  The limitations period begins to run in a civil rights action when a plaintiff "knows or has reason to know of the injury which is the basis of his action."  Friedman v. Estate of Presser, supra at 1151; Sevier v. Turner, 742 F.2d 262, 273 (6th Cir. 1984).

In response to the defendants' assertion that this case has been untimely filed, plaintiffs argue that the two-year limitations period did not begin to run until:

> Parma City Council amended its distance restriction from one thousand (1,000) to two hundred (200) feet on or about February 7, 2005.  **Prior thereto, no judicable issue existed in this case** as the City of Cleveland was not unlawfully enforcing its zoning laws outside its municipal limits due to equivalent zoning between the respective municipalities.

(Emphasis added.)

However, review of the plaintiffs' complaint indicates that there is absolutely no reference to a February 7, 2005 amendment of distance restrictions.  This Court believes that its belated inclusion in response to the defendants' statute of limitations agreement is an inartful attempt to bootstrap this later date onto earlier events in an attempt to avoid dismissal for untimeliness.

It is plain that the events upon which plaintiffs based their claims in the complaint are the March 8, 2002 Notice of Non-Conformance, the July 19, 2002 Agreement between the Cities of Parma and Cleveland, the September 9, 2002 lot split, and the June 2, 2003 denial of application for change of use permit.  That being so, the two-year limitations period would have expired two years from the latest of those dates, on June 21, 2005, but the plaintiffs did not file this case until September 8, 2005.  There has been no claim of continuing violation articulated by the plaintiffs which, if successful, could have served to expand the limitations period to the time of the most

15

recent. In light of the foregoing, this Court finds that this action is time-barred.

Untimeliness aside, there is the question of whether the plaintiffs' claims are barred by *res judicata*.[3]

The United States Supreme Court has held that the rules of *res judicata* and collateral estoppel apply to §1983 cases, stating:

> The federal courts have traditionally adhered to the related doctrines of *res judicata* and collateral estoppel. Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Cromwell v. County of Sac*, 94 U.S. 351, 352. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. *Montana v. United States,* 440 U.S. 147, 153.n.5 As this Court and other courts have often
>
> ———
> n.5 The Restatement of Judgments now speaks of *res judicata* as "claim preclusion" and collateral estoppel as "issue preclusion." Restatement (Second) of Judgments § 74 (Tent. Draft No. 3, Apr. 15, 1976). Some courts and commentators use "*res judicata*" as generally meaning both forms of preclusion....
> ———
>
> recognized, *res judicata* and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication. *Id*., at 153-154.

\* \* \* \* \*

---

[3]Although defendants contend in the alternative that this Court lacks jurisdiction to hear plaintiffs' claims by reason of application of the Rooker-Feldman doctrine, this Court finds that doctrine to be inapplicable. The Rooker-Feldman doctrine provides that a federal district court lacks subject matter jurisdiction to review the final determinations of a state court. D.C. Court of Appeals v. Feldman, 460 U.S. 462, 483, n.16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-416 (1923); Executive Arts Studio, Inc. v. City of Grand Rapids, 391 F.3d 783, 793 (6th Cir. 2004). This doctrine applies to cases where the plaintiffs' claims amount to nothing more than challenges to a decision against them rendered by the state courts on the basis that the decision itself violates the losing party's federal rights. Tropf v. Fidelity National Title Insurance, Co., 289 F.3d 929, 937 (6th Cir. 2002), citing Johnson v. DeGrandy, 512 U.S. 997, 1005-1006 (1994). The complaint in this case does not allege that the decisions of the state courts violated the plaintiffs' federal rights.

> Indeed, though the federal courts may look to the common law or to the policies supporting *res judicata* and collateral estoppel in assessing the preclusive effect of decisions of other federal courts, **Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so**:
>
>> "[Judicial] proceedings [of any court of any State] shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State...." 28 U.S.C. §1738.

Allen v. McCurry, 449 U.S. 90, 94-96 (1980) (Footnote omitted.) (Emphasis added.)

A similar, but distinct, issue was resolved by the United States Supreme Court in Migra v. Warren City School District, 465 U.S. 75 (1984), wherein the Court recognized that Allen established that issues actually litigated in state court could not be relitigated in a §1983 claim brought in federal court, but also addressed the proposition of a federal claim made in a §1983 case which could have been, but was not, raised in a preceding state court action. The court held that consideration of such a claim in the federal action would be governed by the rules pertaining to claim/issue preclusion which apply to a state court judgment in the state in which it was reached. Id. at 80-85. Accord, United States v. Dominguez, 359 F.3d 839, 841 (6th Cir.), cert. denied, 125 S.Ct. 261 (2004); Peterson Novelties, Inc. v. City of Berkley, 305 F.3d 386, 394 (6th Cir. 2002); Koury v. City of Canton, Unreported, Case No. 1:04CV2248, 2005 U.S.Dist. LEXIS 44747, *31-34 (N.D.Ohio 2005) (Judge Gwin).[4]

The Sixth Circuit Court of Appeals has explained claim preclusion and issue preclusion under Ohio law as follows:

---

[4] In Koury, an Ohio zoning case, Judge Gwin found many of the allegations underlying the plaintiffs' §1983 claims to have been barred by res judicata.

17

> Claim preclusion has four elements in Ohio: (1) a prior, final valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.  Issue preclusion applies when a fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action.

In re Fordu, 201 F.3d 693, 703-704 (6th Cir. 1999) (Citation and internal quotation marks omitted) (Brackets in original).  The Ohio Supreme Court has further held that *res judicata* bars any subsequent claims arising from the same transaction or occurrence which was the subject matter of prior litigation, even if new legal theories are presented in the subsequent claims.  Grava v. Parkman Township, 73 Ohio St.3d 379, 382 (1995).

Ohio courts have repeatedly held that issues of constitutionality of zoning ordinances which either were or could have been raised in an appeal to common pleas court of a decision of a Board of Zoning Appeals are barred by *res judicata* from being heard in subsequent state actions.  See, American Outdoor Advertising Co. v. Jerome Township Board of Trustees, Unreported, Case No. 14-03-06, 2004 Ohio App. LEXIS 1793 (Ct.App. Union County 2004), citing SMC, Inc. v. Laudi, 44 Ohio App.2d 325, 329, 338 N.E.2d 547 (1975); Prairie Township Board of Trustees v. Ross, Unreported, Case No. 03AP-509, 2004 Ohio App. LEXIS 759 (Ct.App. Franklin County 2004); Clinton Township Board of Trustees v. Yackee, Unreported, Case No. F-03-001, 2003 Ohio App. LEXIS 4705 (Ct.App. Fulton County 2003); Snee v. Jackson Township Board of Zoning Appeals, Unreported, Case No. 2003 CA 00109, 2003 Ohio App. LEXIS 4791 (Ct.App. Stark County 2003).

Turning to the present case, the parties do not dispute the finality of the rulings in the state

courts or the privity of the parties.  This Court agrees with the defendants that the plaintiffs either did raise, or could have raised, each of the claims for relief articulated herein in the state court proceedings (which did not include an appeal to the state supreme court).

Plaintiffs counter unpersuasively that the doctrine of *res judicata* does not apply due to the fact that "the factual circumstances" upon which the state court rulings were premised have changed so as to permit this Court to once again assess the validity of the Common Boundary Agreement between Cleveland and Parma.  The "circumstance" they rely on is Parma's zoning change with regard to its separation requirements, which this Court finds has no bearing on the pertinent question as to whether Cleveland may look to the proximity of Parma's residential districts in applying Cleveland's zoning rules, which the state courts answered in the positive, holding that the agreement was not one to enforce one city's zoning ordinances outside its physical limits.  Notably, in 2005 Parma did not change the residence-district classifications upon which Cleveland relied in making its decisions in 2002 and 2003 that plaintiffs were not in compliance with Cleveland's requirement that a sexually oriented business must not be within 1000 feet of a residential district, even if that district is in Parma.

This Court concludes that if plaintiffs were to bring in an Ohio court the same claims for relief made in this action they would be found to be barred by *res judicata*.  That being so, the claims cannot proceed herein, and summary judgment in favor of defendants is warranted on this basis.

Final judgment will be entered in defendants' favor.

19

                                          s/DAVID S. PERELMAN
                                          United States Magistrate Judge

DATE:	June 14, 2007